IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

RHONDA DANOS,                              )
                                           )
        Plaintiff,                       )
v.                                         )
                                           ) CIVIL ACTION NO. 09-6299
EDITH JONES, Chief Judge, United States    )
Court of Appeals for the Fifth Circuit,    ) JUDGE W. HAROLD ALBRITTON
individually and in her official capacity as )
presiding officer of the Judicial Council of )
the Fifth Circuit, et al.,                 )
                                           )
        Defendants.                      )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. #43), filed by the Defendants on May 19, 2010. The Plaintiff was given an opportunity to respond to the Motion and did so, and the Defendants, with the consent of the Plaintiff, sought and obtained permission of the court to file a Reply in support of their Motion. To aid in its understanding of the parties' positions, the court held oral argument on the Motion to Dismiss on June 24, 2010.

The Plaintiff, Rhonda Danos, filed a Complaint for Declaratory Judgment on September 15, 2009. The Defendants are the Judicial Council of the Fifth Circuit, Edith Jones, Carolyn Dineen King, Jerry E. Smith, W. Eugene Davis, Rhesa H. Barksdale, Edith Brown Clement, Priscilla Owen, Jennifer Walker Elrod, Leslie H. Southwick, Sarah Vance, Neal B. Biggers Jr., Louis G. Guirola, Sam R. Cummings, Hayden Head, and Fred Biery, all of whom are judges named individually and in their capacities as members of the Judicial Council of the Fifth Circuit.

Danos seeks a Declaratory Judgment, reinstatement of her employment, back pay and benefits, and attorneys' fees and costs.

The Defendants have moved in all capacities to dismiss all claims in the Complaint for Declaratory Judgment for lack of subject matter jurisdiction and for failure to state a claim.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED for lack of jursdiction.[1]

## II. MOTION TO DISMISS STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)

## III. FACTS

The allegations of the Plaintiff's Complaint for Declaratory Judgment are as follows:

Rhonda Danos ("Danos"), the Plaintiff in this case, was employed as a secretary to United States District Judge G. Thomas Porteous, Jr. for nearly fourteen years. She was

---

[1] It is, therefore, unnecessary for the court to address the Rule 12(b)(6) aspect of the Defendants' Motion.

terminated from her employment on September 19, 2008.  In this case, Danos challenges the order issued by the Judicial Council of the Fifth Circuit pursuant to which she was terminated.

In May of 2007, the Department of Justice filed a formal Complaint of Judicial Misconduct Concerning the Honorable G. Thomas Porteous, Jr. with Defendant Edith H. Jones, Chief Judge of the United States Court of Appeals for the Fifth Circuit.  The Department of Justice disclosed that it had chosen not to prosecute Judge Porteous.  In November 2007, a Special Investigatory Committee report recommended that the Judicial Council of the Fifth Circuit ("Judicial Council") refer the matter to the Judicial Conference of the United States.  In December 2007, the matter was certified to the Judicial Conference of the United States.

In June of 2008, the Judicial Conference of the United States certified to the House of Representatives the Judicial Conference's determination that impeachment of Judge Porteous may be warranted.  The Judicial Conference also authorized an invitation to the Judicial Council to decide whether to suspend proceedings regarding sanctions for misconduct, to issue a public reprimand, and to direct that no further cases be assigned to Judge Porteous for two years or until final action regarding impeachment and removal by Congress, if earlier than two years.

Danos has incorporated into her Complaint letters signed by the Honorable Edith H. Jones in which the Judicial Council refers to disciplinary action contemplated by the Judicial Council against Judge Porteous, based in part on the Judicial Conference's recommendation, but also refers to the suspension of his power to employ staff.

A majority of the Judicial Council voted to issue, and the Judicial Council ordered, a public reprimand of Judge Porteous, pursuant to Rule 20(b)(1)(D)( i), and ordered that no new cases be assigned to Judge Porteous for two years from the date of the Order and Public

Reprimand or until Congress takes final action on the impeachment proceedings, whichever occurs earlier. Additionally, the Judicial Council ordered that, pursuant to 28 U.S.C. § 332(d)(1), Judge Porteous's authority to employ staff be suspended for the period of time during which his new cases would be suspended. *See* Exhibit A to the Complaint. Danos was terminated pursuant to this order.

Judge Porteous was impeached by the House of Representatives on March 11, 2010. His trial by the Senate has been scheduled, but has not yet occurred.

## IV. DISCUSSION

At the outset, the court notes that while the individual Defendants have been named in both their individual and official capacities in the caption of the Complaint for Declaratory Judgment, no claims are asserted against the individual Defendants in their individual capacities. Furthermore, Danos clarified at oral argument that she does not intend to pursue claims against the individual Defendants, but only named the individuals in an attempt to assert an *ultra vires* theory. Accordingly, the court interprets the Complaint as only stating claims against the Judicial Council and the individual Defendants in their official capacities, which the Defendants have moved to dismiss based on sovereign immunity. The court now turns to the sovereign immunity defense as to those claims.

### Sovereign Immunity

In a lawsuit against the United States, or an agency or official of the United States, the United States must waive its sovereign immunity and consent to suit for a court to exercise subject matter jurisdiction in the case. *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). There is no dispute in this case, and counsel for Danos conceded at oral argument, that the members of the

4

Judicial Council of the Fifth Circuit are federal officials protected by sovereign immunity. *See, e.g., Shemonsky v. Vanaski*, No. 04CV2759, 2005 WL 2031140 (M.D. Pa. Aug. 16, 2005) (sovereign immunity barred claim against Judicial Council of the Third Circuit). The Defendants contend, therefore, that the claims against the Defendants in their official capacities, as well as the Judicial Council, are due to be dismissed for lack of subject matter jurisdiction on the basis of sovereign immunity.

There is apparently no dispute that the Judicial Council is entitled to sovereign immunity. The Plaintiff, Danos, however, contends that her claims against the members of the Judicial Council are not barred by sovereign immunity because they fit within the *ultra vires* exception to sovereign immunity. The *ultra vires* exception was recognized by the Supreme Court of the United States as an exception to sovereign immunity which allows for suit against federal officials in limited circumstances. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). The Supreme Court in *Larson* explained that the *ultra vires* exception applies in two situations: (1) where an officer's powers are limited by statute, but his actions go beyond those limitations, or (2) if his actions are unconstitutional. *Larson*, 337 U.S. at 689-90. Under these circumstances, the officials' actions are considered individual and not of the sovereign. *Id.* at 689.

The Defendants dispute that the *ultra vires* exception to sovereign immunity is still a viable exception to sovereign immunity in the Fifth Circuit, but alternatively argue that, even if the exception can apply in cases in the Fifth Circuit, it does not apply in this case.

In support of the argument that the *Larson ultra vires* exception no longer applies in the Fifth Circuit, the Defendants cite *Geyen v. Marsh*, 775 F.2d 1303 (5th Cir. 1985). In *Geyen*, the

5

court declined to apply the ultra vires theory, finding that the 1976 Amendments to the Administrative Procedures Act ("APA"), did away with this exception. *Id.* at 1307. The court used the following broad language:

> The principal purpose of this amendment was to do away with the *ultra vires* doctrine and other fictions surrounding sovereign immunity. As the House Report notes, "Actions challenging official conduct are intrinsically against the United States and are now treated as such for all practical purposes." H.R.Rep. No. 1656, 94th Cong., 2d Sess. 11 (1976), reprinted in 1976 U.S.Code Cong. & Ad.News 6121, 6131.Were we to hold, as amicus urges, that Geyen's action is not against the United States, we would revive the technical complexities that Congress sought to eliminate in 1976. We decline to do so. We hold that Geyen's action challenging his activation and the denial of his hardship applications is against the United States and subject to § 2401(a)'s six-year limitation.

*Id.*

If *Geyen* applies in this case, the claims against the individual Defendants in their official capacities are barred by sovereign immunity. While the *Geyen* opinion certainly speaks broadly about the effects of the APA amendment, it does so in the context of a determination of the appropriate statute of limitations in that case, and it is not clear that the holding should apply here to preclude application of an *ultra vires* exception to sovereign immunity. In addition, other courts, including a panel of the Fifth Circuit Court of Appeals, albeit in an unpublished opinion, have implicitly recognized the continuing vitality of the *ultra vires* exception by analyzing its application to claims against federal officials in recent opinions. *See, e.g.*, *Taylor v. United States*, No. 08-50067, 2008 WL 4218770 (5th Cir. Sept. 16, 2008) (unpublished); *United Tribe of Shawnee Indians v. United States,* 253 F.3d 543 (10th Cir. 2001); *Doe v. Wooten*, No. 09-13707, 2010 WL 1645136 (11th Cir. April 26, 2010) (unpublished). At least one circuit has explicitly concluded that the *ultra vires* exception can still apply in certain cases. *See Swan v.*

*Clinton*, 100 F.3d 973, 981 & n.4 (D.C. Cir. 1996) (applying *Larson* exception and concluding that amendments to APA had no applicability to a claim against the President of the United States, who is not an agency under the APA). Therefore, while mindful of the broad language in *Geyen*, this court determines that the better course in this case is to apply the *ultra vires* doctrine to the facts and claims as pled, in order to determine whether, if such an exception can apply in the Fifth Circuit, it applies in this case.

Danos brings a single claim for declaratory judgment, seeking a declaration that the Judicial Council acted beyond its authority. Danos, however, contended at oral argument that she has asserted both the lack of statutory authority and the constitutional claim of the *ultra vires* exception to sovereign immunity. The court will address each in turn.

### A. Application of *Ultra Vires* Exception Based on Lack of Authority

Danos has alleged in the Complaint that the Judicial Conference's order regarding suspension of the ability to employ staff went beyond the authority given to the Judicial Council by the Judicial Conference and 28 U.S.C. § 354.[2] Danos states that the Judicial Council improperly infringed the appointment power of Judge Porteous under 28 U.S.C. § 752.[3]

---

[2] 28 U.S.C. § 354(a)(2) provides the following:
(A) In general.--Action by the judicial council under paragraph (1)(C) may include--
(I) ordering that, on a temporary basis for a time certain, no further cases be assigned to the judge whose conduct is the subject of a complaint;
(ii) censuring or reprimanding such judge by means of private communication; and
(iii) censuring or reprimanding such judge by means of public announcement.

[3] 28 U.S.C. § 752 provides in relevant part as follows:
District judges may appoint necessary law clerks and secretaries subject to any limitation on the aggregate salaries of such employees which may be imposed by law.

7

Danos further alleges that the Judicial Council's order was actually disciplinary, and has included within her Complaint the text of letters signed by Chief Judge Edith Jones which she contends demonstrate that the Judicial Council intended the suspension of the appointment power to be a form of discipline of Judge Porteous.

In its order, the Judicial Council did not purport to suspend Judge Porteous's power to employ staff for the period in which he was not to be assigned new cases pursuant to the Judicial Conference's recommendation, or pursuant to § 354. Instead, the Judicial Council explicitly stated that its suspension of the power of Judge Porteous to employ staff was done pursuant to 28 U.S.C. § 332. Title 28, section 332(d)(1) states that "[e]ach judicial council shall make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit."

Whether, as a factual matter, the Judicial Council was correct in determining that the suspension of the appointment power was necessary and appropriate for the effective administration of justice within its circuit, is not the relevant inquiry for this court in deciding the Motion to Dismiss. To find that the majority of the Judicial Council, who approved suspension of Judge Porteous's power to employ staff while his new case assignments were suspended, were acting *ultra vires*, this court would have to determine that the Judicial Council acted "without any authority whatever." *Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89, 101 n.11 (1984). "A claim of error in the exercise of that power is therefore not sufficient." *Larson,* 337 U.S. at 689-90.

The Defendants contend, and the court agrees, that the action taken pursuant to § 332 need not be viewed only as a disciplinary action, accepting Danos's allegation that the Judicial

8

Council contemplated a disciplinary action in ordering suspension of the appointment power, but also as an action taken to remedy judicial misconduct, which is within the Judicial Council's authority. *See In re McBryde*, 117 F.3d 208, 227 (5th Cir. 1997) (stating, "it is not unreasonable to view § 332 as empowering a council to remedy judicial misconduct."). As stated earlier, the Judicial Council order ties the length of the suspension of Judge Porteous's appointment power to the length of the suspension of his assignment of new cases. *See* Exhibit A to Complaint. Therefore, the Judicial Council's order pursuant to § 332, for the effective and expeditious administration of justice, which imposed a remedy consistent with the action of suspending future cases for a set time period, was not "without any authority whatever."

Furthermore, fundamental to Danos's attempt to avoid the application of sovereign immunity is the fact that "to qualify for the ultra vires exception, [Danos] must assert a viable cause of action." *Howe v. Bank for Internat'l Settlements*, 194 F. Supp. 2d 6, 21 (D. Mass. 2002). Danos's claim is that the Judicial Council acted improperly by disciplining Judge Porteous without statutory authority and violated his right to appoint secretaries under § 752. Even viewing the Judicial Council's order suspending the ability to employ staff as discipline in part, and remedying judicial misconduct in part, the order was, of course, directed at Judge Porteous, was not an order of general application, and was not directed at Danos herself.

The Defendants have argued that Danos does not have standing to assert claims which seek to vindicate Judge Porteous's rights. Clearly, standing is required to bring a claim in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing has both constitutional and prudential aspects. *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 (5th Cir. 2001). The prudential considerations require generally that a party "must

9

assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). Standing requirements apply to statutory as well as constitutional claims. *See Logan*, 263 F.3d at 460. Standing to assert a violation of law is also required in order to raise a claim of *ultra vires* as an exception to sovereign immunity. *See United Tribe of Shawnee Indians v. U.S.*, 253 F.3d 543, 548 n.2 (10th Cir. 2001) (declining to address standing after finding that *Larson* was not satisfied, but noting that standing issues were implicated); *Schlafly v. Volpe*, 495 F.2d 273, 277-8 (7th Cir. 1974) (making a determination as to standing in addition to applying *Larson ultra vires* exception).

At oral argument, the attorney for Danos emphasized that Danos has suffered injury-in-fact by losing her job. The court recognizes that Danos has lost her job, but this injury alone is not sufficient to establish standing. As stated earlier, prudential standing considerations generally limit a person to vindicating that person's own rights. *Kowalski*, 543 U.S. at 129. A plaintiff can assert standing on behalf of a third party only if the party who suffered the actual harm is hindered from asserted his claim directly. *Id.* at 129-30; *Powers v. Ohio*, 499 U.S. 400, 411 (1991). Danos does not bring her claims on behalf of Judge Porteous, nor has she identified a hindrance to Judge Porteous's ability to protect his interests. Therefore, Danos has failed to establish a viable claim of a statutory violation. For that reason, and because the Judicial Council did not act without authority in suspending Judge Porteous's ability to employ staff for a limited time, Danos has failed to establish jurisdiction over her claims under the first *Larson ultra vires* exception.

**B. Application of *Ultra Vires* Exception Based on Constitutional Violation**

Although she has failed to sufficiently plead specific constitutional violations as claims in her Complaint for Declaratory Judgment, Danos refers generally to constitutional violations in her Complaint, and argues in response to the Motion to Dismiss that these claims satisfy the second *Larson ultra vires* exception to sovereign immunity. At oral argument on the Motion to Dismiss, the attorney for Danos clarified that the constitutional violation Danos intends to allege is a violation of Article II, section 4 of the Constitution of the United States.[4]

The Defendants contend that Danos cannot assert a viable constitutional claim. As stated above, to bring a claim in a federal court, a plaintiff must demonstrate that she has standing to invoke the court's jurisdiction. As with her claimed statutory violation, Danos has identified an alleged violation of a constitutional right held by Judge Porteous, not held by Danos herself.[5] She does not bring the constitutional claims on Judge Porteous's behalf, nor has she demonstrated that he has been hindered in his ability to bring claims on his own behalf. *See Kowalski*, 543 U.S. at 129-30. Accordingly, Danos has also failed to establish the unconstitutional acts basis for the *Larson ultra vires* exception to sovereign immunity.[6]

## V. CONCLUSION

In conclusion, the Judicial Council of the Fifth Circuit ordered relief consistent with discipline suggested by the Judicial Conference for Judge Porteous, by suspending Judge

---

[4] Article II, section 4 provides that the President, Vice President, and all civil Officers of the United States, shall be removed from office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

[5] Danos conceded at oral argument that she does not have a constitutionally protected property interest in her employment.

[6] Having concluded that Danos has failed to establish the *ultra vires* exception to sovereign immunity, the court need not address the Defendants' argument that Danos' statutory claim is foreclosed by 28 U.S.C. § 357.

Porteous's power to employ staff for the period during which he was no longer to be assigned new cases. Such relief was authorized by 28 U.S.C. § 332. Even if, however, an *ultra vires* exception to sovereign immunity can still apply in the Fifth Circuit,[7] and could apply under the facts as alleged in this case, any statutory or constitutional violation alleged was an alleged violation of the rights of Judge Porteous, not the Plaintiff, Rhonda Danos. As was discussed above, the court recognizes that the Plaintiff, Rhonda Danos, has suffered injury in the form of her lost employment, although she has not lost a constitutionally protected property interest. Danos's injury alone, however, does not give her standing to assert that the Judicial Council of the Fifth Circuit acted without authority, or unconstitutionally, in ordering the suspension of Judge Porteous's power to employ staff. Having failed to establish that she can assert such a claim, Danos's theory that an *ultra vires* exception can be made to the Defendants' sovereign immunity in this case is unavailing. Accordingly, the claims against the Defendants in their official capacities, as well as the claims against the Judicial Council of the Fifth Circuit, are barred by sovereign immunity.

For the foregoing reasons, the Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED and the Plaintiff's Complaint is DISMISSED in its entirety for lack of subject matter jurisdiction.

Done this 8th day of July, 2010.

---

[7] Having concluded that the *ultra vires* exception does not apply in this case, the court need not determine whether *Geyen* forecloses application of the *ultra vires* exception in the Fifth Circuit.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE